UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRENDA M. JOHNSON,

                              Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                              Defendant.

Case No. C20-6058 RAJ

**ORDER DECLINING
PLAINTIFF'S REQUEST FOR
RECUSAL**

        Plaintiff, proceeding *pro se*, filed this action seeking review of a denial of social

security disability insurance and supplemental security income benefits.  Dkt. 8.  In her

opening brief, Plaintiff included a request that the undersigned recuse himself from

consideration of this matter.  Dkt. 39 at 3.  The Court has reviewed Plaintiff's request and

the relevant record.  The undersigned declines to recuse himself and refers Plaintiff's

opening brief requesting recusal and this Order to Chief Judge Martinez pursuant to Local Civil Rule 3(f).[1]

## I.      Discussion

Pursuant to Local Civil Rule ("LCR") 3(f), whenever a motion to recuse is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "the challenged judge will review the motion papers and decide whether to recuse voluntarily."

A judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned."  28 U.S.C. § 455(a).  A federal judge also shall disqualify himself in circumstances where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding.  *Id.* at §455(b)(1).  28 U.S.C. § 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.  The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

28 U.S.C. § 144.

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993).  This is an objective

---

[1] The Court notes Plaintiff did not file the request for recusal as a separate motion to recuse or reference 28 U.S.C. § 144 or 28 U.S.C. § 455.  In an abundance on caution, the Court proceeds under Local Civil Rule 3(f).

inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

510 U.S. at 555.

The undersigned makes rulings in each case based upon the issues presented by the parties or upon *sua sponte* review by the Court, and has no personal bias to be partial to one side or the other in this matter. Plaintiff appears dissatisfied with the Court's Order Denying Default Judgment, Denying Jury Trial, and Amending Scheduling Order (Dkt. 38). This does not warrant recusal, and Plaintiff has not shown a reasonable person could question this Court's impartiality. Accordingly, the undersigned will not recuse himself voluntarily from this case.

## II.     Conclusion

Based on the foregoing reasons, this Court finds there is no reasonable basis for a voluntary recusal in this matter. Therefore, the undersigned declines to recuse himself voluntarily.

1    The Clerk is directed to refer Plaintiff's opening brief (Dkt. 39) to Chief Judge

2  Ricardo S. Martinez in accordance with LCR 3(f).

3    DATED this 7th day of January, 2022.

4

5

6                                    The Honorable Richard A. Jones
                                     United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER DECLINING PLAINTIFF'S REQUEST FOR RECUSAL - 4