UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRENDA M. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CASE NO. C20-6058 RAJ<br><br>ORDER AFFIRMING ORDER DECLINING PLAINTIFF'S REQUEST FOR RECUSAL |

Pursuant to the local rules, this matter is before the Court for review of United States District Court Judge Richard A. Jones's order denying Plaintiff's request that Judge Jones voluntarily recuse himself from this case. Dkt. #50; LOCAL RULES W.D. WASH. LCR 3(f) (order denying voluntary judicial recusal referred to the Chief Judge for review). Having reviewed the matter, the Court affirms Judge Jones's order.

**A. Background**

Plaintiff initiated this action to obtain judicial review of the United States Social Security Administration's ("SSA") final decision denying her application for disability insurance and supplemental security income benefits. Dkt. #8. On July 12, 2021, Judge Jones denied what he interpreted as a motion for default judgment and a motion for a jury trial. Dkt. #38. In the same order, Judge Jones set an amended briefing schedule. *Id.*

ORDER – 1

1    Plaintiff timely filed her opening brief, partially detailing her health profile and asserting that the Defendant's decision was made in error. Dkt. # 39 at 1–2. In addition, Plaintiff asserted that she did not receive notice of the Court's July 12 order and argued that the Court's order was biased and that denial of her motion for default judgment was an abuse of discretion. *Id.* at 2–3. Plaintiff requested that Judge Jones recuse himself "upon investigation for obstruction of justice." *Id.* at 3. As her only explanation, Plaintiff indicated that she "ha[d] supplied the court with an invoice from default judgment," that "[u]pon default judgment a defendant can not [sic] answer a compliant," and that Defendant "did not answer the summons or complaint as of August 16, 2021." *Id.*

Judge Jones denied Plaintiff's motion, to the extent it sought recusal. Dkt. #50. He noted that judicial decisions "almost never constitute a valid basis for a bias or partiality motion," noted that "Plaintiff "appear[ed] dissatisfied with the Court's Order Denying Default Judgment, Denying Jury Trial, and Amending Scheduling order," and concluded that Plaintiff had not demonstrated a basis for recusal. *Id.* at 1–2 (citations and quotation marks omitted).

**B. Legal Standard**

A "judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also* 28 U.S.C. § 144. This includes circumstances where the judge has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id.* at § 455(b)(1). Recusal is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

ORDER – 2

### C. Discussion

Upon the Court's review of Judge Jones's order, the Court concludes that the order should be affirmed. Plaintiff appears to perceive bias from the circumstances surrounding Judge Jones's order denying several of her motions. But Judge Jones's order does not demonstrate bias and, to the extent Plaintiff objects to the legal propriety of the order, Plaintiff may challenge that order on appeal.[1]

### D. Conclusion

Accordingly, and for the reasons set forth above, the Court finds and ORDERS that Judge Jones's Order Declining Plaintiff's Request for Recusal (Dkt. #50) is AFFIRMED.

DATED this 25th day of January, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Indeed, Plaintiff has sought to appeal this matter. *See* Dkt. #41. Upon the filing of Plaintiff's notice of appeal, the Court stayed this matter. Dkt. #44. Plaintiff's appeal was docketed, Dkt. #42, but subsequently dismissed for lack of jurisdiction, Dkt. #45, and returned to this Court, Dkt. #47.

ORDER – 3