UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRENDA J.,

                Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-6058 RAJ

**ORDER AFFIRMING DENIAL OF BENEFITS**

    Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance benefits. Plaintiff raises a number of issues unrelated to the denial of benefits. Dkt. 39. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

    Plaintiff is 54 years old, has at least a high school education, and has worked as an administrative clerk, education courses sales representative, collections clerk, order clerk, and appointment clerk. Admin. Record ("AR") (Dkt.30) 15, 23, 88, 96, 225–43. On August 8, 2017, Plaintiff applied for benefits, alleging disability as of December 1, 2015. AR 15. Plaintiff's applications were denied initially and on reconsideration. AR 86–133. After the administrative law judge ("ALJ") conducted a hearing on June 11, 2019, the ALJ issued a decision finding

Plaintiff not disabled.  AR 15–26, 33–85.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:**  Plaintiff has not engaged in substantial gainful activity since December 1, 2015, the alleged onset date.

**Step two:**  Plaintiff has the following severe impairments:  Lumbar spine degenerative disc disease; essential hypertension; peripheral edema; peripheral neuropathy; congestive heart failure; chronic pain syndrome.

**Step three:**  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:**  Plaintiff can perform light work with additional exertional limitations.  She cannot climb ladders, ropes, or scaffolds.  She can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl.  She needs to avoid concentrated exposure to hazards.

**Step four:**  Plaintiff can perform past relevant work as an administrative clerk, education courses sales representative, collections clerk, order clerk, and appointment clerk.

**Step five:**  There are other jobs that exist in significant numbers in the national economy that Plaintiff can perform.  Plaintiff is therefore not disabled.

AR 15–26.  The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1–3.

## DISCUSSION

The Social Security Act provides that an individual may seek judicial review of a denial of benefits after a final decision of the Commissioner of Social Security.  42 U.S.C. § 405(g).  Section 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the [Social Security Administration] made after a hearing.'"  *Califano v. Sanders*, 430 U.S. 99, 108 (1977).  Section 405(g) is the exclusive jurisdictional basis for review of

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App'x 1.

administrative decisions concerning claims for Social Security disability benefits.  *See* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); *Weinberger v. Salfi*, 422 U.S. 749, 757 (holding that § 405(h) prevents "review of decisions of the [Commissioner of Social Security] save as provided in the Act, which provision is made in § 405(g).").

In considering a denial of Social Security benefits under § 405(g), the Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  The Court specifically considers whether the decision is supported by substantial evidence and free from legal error.  *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020).  Plaintiff bears the burden of proving the ALJ and/or Commissioner committed harmful error in denying her claim for benefits.  *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–09 (2009)) (holding that the party challenging an administrative decision bears the burden of proving harmful error).

Plaintiff raises a number of issues, all outside this scope of review.  Plaintiff argues she is entitled to a preliminary injunction, although the basis for the injunction is unclear.  Dkt. 39 at 1–3.  Preliminary injunctive relief is not available under § 405(g).  *See El v. Berryhill*, No. C17-1383-MAT, 2018 WL 348471, at *1 (W.D. Wash. Jan. 10, 2018).

Plaintiff next argues her employer, which is not clearly identified, committed negligence by overlooking warnings of her condition.  Dkt. 39 at 1–2.  There is no allegation the Commissioner of Social Security was Plaintiff's employer, and no allegation this had anything to do with the ALJ's decision to deny Plaintiff's claims for benefits.  Plaintiff has thus failed to

show harmful error in the denial of her Social Security benefits claims.

Plaintiff last alleges the Court's Order Denying Default Judgment, Denying Jury Trial, and Amending Scheduling Order (Dkt. 38) (the "July Order") violated her "right for a speedy trial, petition for her 1st amendment, and due processes of the law." Dkt. 39 at 2.  Constitutional claims are outside the scope of 42 U.S.C. § 405(g).  Even assuming Plaintiff properly raised these issues, she has failed to show she is entitled to relief.  That Plaintiff disagrees with the Court's July Order does not establish in any way that the Commissioner of Social Security violated her constitutional rights.  Moreover, the right to a speedy trial is a right granted with respect to criminal prosecutions.  U.S. Const. Amend. VI.  This is not a criminal proceeding, so the right does not apply.  Similarly, the denials of a default judgment and a jury trial do not relate to Plaintiff's First Amendment rights or deprive her of due process.  Plaintiff has had her opportunity to be heard by her briefs, which the Court considered in writing this Order.  Plaintiff has thus failed to show harmful error in the denial of her claims for Social Security disability benefits.

Plaintiff raises additional unrelated issues in her Objection and Remand of Case (Dkt. 46), and her reply brief (Dkt. 49).  The Court "ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief." *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003).  Even if the Court did consider these matters, none of Plaintiff's new issues present a basis on which to find the ALJ erred in denying Plaintiff's claims for Social Security disability benefits.  Accordingly, those matters all fall outside the scope of the Court's review.

In sum, Plaintiff has failed to meet her burden of proving the ALJ harmfully erred in denying Plaintiff's claims for Supplemental Security Income and Disability Insurance benefits.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 2nd day of February, 2022.

                                                                            *Richard A. Jones*
                                                                            The Honorable Richard A. Jones
                                                                            United States District Judge

ORDER AFFIRMING DENIAL OF BENEFITS - 5